## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## MOBILE

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 19-10447-JCO |
| CENTRALITE SYSTEMS, INC., ) | |
| ) | Chapter 7 |
| Debtor. ) | |

### EMERGENCY JOINT MOTION FOR AUTHORIZATION AND APPROVAL TO ENTER INTO SOFTWARE DEPOSIT AND LICENSE SUPPLEMENTARY AGREEMENT

D. Parker Sweet, the Chapter 7 Trustee (the "Trustee") for the above-captioned debtor (the "Debtor"), and Solution Works, LLC d/b/a Smart Solutions ("Smart Solutions" and collectively, with the Trustee, the "Parties" and each a "Party") hereby file this Emergency Joint Motion for Authority to Enter into Supplementary Licensing Agreement (the "Joint Motion") for entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit "A"**, authorizing the Trustee and Smart Solutions to enter into that certain Software Deposit and License Supplementary Agreement (the "Agreement"), attached hereto as **Exhibit "B"**, for the purpose of allowing the Trustee to license certain intellectual property owned by the Debtor to Smart Solutions. In support thereof, the Parties respectfully state as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Sections 363(b) and 105(a) of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code")

and Rules 9019 and 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3. Smart Solutions is an Alabama limited liability company providing technology automation services that facilitate and promote independent living for persons with disabilities to reduce their reliance on caregivers and healthcare staff for daily activities. Smart Solutions provides its services primarily to former service members living with disabilities.

4. On February 8, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

5. D. Parker Sweet subsequently was appointed Trustee over the Debtor's estate.

6. Prior to the Petition Date, Smart Solutions purchased access to the Debtor's cloud platform, Jilia Cloud (the "Cloud Platform"), in connection with Smart Solutions' purchase of certain hardware products from the Debtor (the "Purchase Agreement"). The Cloud Platform is crucial to Smart Solutions' business in that it enables the ongoing connectivity between the hardware and software for the services provided by Smart Solutions. If the Cloud Platform becomes inaccessible by Smart Solutions, the services provided by Smart Solutions to its disabled customers will cease.

7. After the Petition Date, the Parties entered into negotiations regarding the continuation of the provision of the Cloud Platform to Smart Solutions.

8. The Parties intend to enter into the Agreement in which the Trustee shall deliver, at Smart Solutions' sole costs and expense, a copy of the source code and other materials comprising the Cloud Platform to Smart Solutions. The Agreement also contains a mutual release of all claims held by either Party (the "Mutual Release").

## RELIEF REQUESTED

9. By this Joint Motion, pursuant to Sections 363(b) and 105(a) of the Bankruptcy Code, the Parties request the Court enter the Order granting the Trustee the authority to enter into the Agreement pursuant to which the Trustee will provide the Cloud Platform to Smart Solutions.

10. The Parties further request the Court enter an order setting an expedited hearing on the Joint Motion. An expedited hearing on the Joint Motion is necessary because the Cloud Platform is crucial to the continuation of the services provided by Smart Solutions to its customers. In light of the Debtor's chapter 7 case, there is a risk that the third party sites that host the Cloud Platform may terminate their services to the Debtor, which would cause the Cloud Platform to disconnect. Any resulting interruption in the services provided by the Cloud Platform could cause serious harm to Smart Solutions and its customers, who rely on Smart Solutions' product for daily living.

## BASIS FOR RELIEF

**A. Entry of the Order Authorizing the Parties to Enter into the Agreement is Necessary and Appropriate under Section 363(b) of the Bankruptcy Code.**

11. Section 363(b) of the Bankruptcy Code states, in pertinent part, "The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate[.]" 11 U.S.C. § 363(b)(1).

12. A trustee administering a debtor's bankruptcy estate "has ample discretion to administer the estate[.]" *In re Bakalis*, 220 B.R. 525, 531 (Bankr. E.D.N.Y. 1998) (quoting *In re WPRV-TV, Inc.*, 143 B.R. 315, 319 (Bankr. D. P.R. 1991)).

13. The Trustee is properly acting within his discretion in determining to enter into the Agreement. The Agreement brings value into the Debtor's estate by releasing all of Smart

Solutions' claims against the Debtor. Further, providing Smart Solutions with the Cloud Platform prevents the discontinuation of the cloud services provided by the Cloud Platform that could cause serious harm to Smart Solutions' business and disabled customers and create an additional liability to the Debtor's estate. Moreover, the confidentiality, security, and restriction provisions of the Agreement ensure the preservation of the Cloud Platform's value in the event the Trustee is able to identify a purchaser of the Debtor's business or assets. For these reasons, the Trustee is acting within his ample discretion in seeking to enter into the Licensing Agreement and the Court should approve the Agreement.

**B.     The Mutual Release contained in the Agreement Should be Approved under Bankruptcy Rule 9019.**

14.     Pursuant to Bankruptcy Rule 9019, "after notice and a hearing the court, may approve a compromise or settlement." FED. R. BANKR. P. 9019. The Court is afforded "broad discretion in approving compromises." *In re Tarrant*, 349 B.R. 870, 893 (Bankr. N.D. Ala. 2006) (quoting *In re Degenaars*, 261 B.R. 316, 319 (Bankr. M.D. Fla. 2001)).

15.     In determining whether to approve a compromise under Rule 9019, the Court must consider the following factors:

> (1) [T]he probability of success in the litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interests of the creditors and a proper deference to their reasonable views in the premises.

*In re Kay*, 223 B.R. 816, 820 (Bankr. M.D. Fla. 1998) (citing *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir. 1990), *cert. denied*, 498 U.S. 959).

16.     The Mutual Release contemplated in the Agreement is appropriate under the circumstances and should be granted under Bankruptcy Rule 9019. Any litigation resulting from either the Debtor's performances under the Purchase Agreement or damage caused by an

interruption of cloud services provided to Smart Solutions will be complex because of, *inter alia*, the complicated nature of the intellectual property involved. In addition, such litigation will cause the Trustee to use estate resources for defense, which, even if the Trustee is successful, will decrease the amount of assets available for distribution to creditors. Further, the Mutual Release is a necessary component of the Agreement, as it brings value to the estate in consideration for providing Smart Solutions the Cloud Platform. For these reasons, the Court should approve the Mutual Release contained in the Agreement under Rule 9019.

17. The Parties will provide notice of the Joint Motion in accordance with Rule 9019(a).

**C.    An Expedited Hearing on the Joint Motion is Necessary.**

18. Section 105(a) of the Bankruptcy Code authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Further, Bankruptcy Rule 9006(c) provides that the Court, for cause shown, may in its discretion reduce the notice period normally required for motions. FED. R. BANKR. P. 9006(c).

19. An expedited hearing on the Joint Motion is necessary to ensure the continuation of the services provided by Smart Solutions, thereby preventing harm to Smart Solutions' business and customers. Without the Cloud Platform, the systems currently in place to provide Smart Solutions' disabled customers with assistance in their daily lives would be interrupted. As previously stated, any potential harm to Smart Solutions' business customers also poses a threat of liability on the Debtor's estate.

WHEREFORE, the Parties request the Court enter an order setting an expedited hearing on the Joint Motion and enter the Order granting the requested relief.

Respectfully submitted this the 28th day of March, 2019.

Respectfully submitted,

*/s/ Evan N. Parrott*
Evan N. Parrott (ASB-1950-O65A)
Maynard, Cooper & Gale, P.C.
RSA Battle House Tower
11 North Water Street, Suite 24290
Mobile, Alabama 36602
(t) 251-432-0001
(f) 251-432-0007
*eparrott@maynardcooper.com*

*Attorney for Solution Works, LLC d/b/a Smart Solutions*

*/s/ D. Parker Sweet (e-signed with consent)*
Daniel Parker Sweet (SWEED1464)
trustee@sweetlawalabama.com
P.O. Box 537
Daphne, AL 36526
Ph. (251) 626-3322
Fax (251) 626-4799

*Attorney for the Chapter 7 Trustee*

# CERTIFICATE OF SERVICE

      I hereby certify that on this 28th day of March, 2019, I have served a true and correct copy of the foregoing on all parties who currently receive electronic notices in the above-styled case by electronic filing with the CM/ECF system, and on all parties entitled to notice of the same by depositing a true and correct copy thereof, properly addressed and postage paid, in the US mail addressed to each such party who does not currently receive notices electronically in this case. Parties thus noticed include but are not necessarily limited to:

Centralite Systems Inc.
1701 Industrial Park Drive
Mobile, AL 36693

Chris T. Conte
Attorney for the Debtor
Helmsing, Leach, Herlong, Newman & Rouse
P.O. Box 2767
Mobile, AL 36652

Bankruptcy Administrator
113 St. Joseph Street, Box 16
Mobile, AL 36602

                                                      */s/ Evan N. Parrott*
                                                      OF COUNSEL